UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| MOUNTAINTRUE, SIERRA CLUB, CENTER FOR BIOLOGICAL DIVERSITY, and DEFENDERS OF WILDLIFE, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:25-cv-91-MR-WCM |
| v. | ) ) | |
| UNITED STATES FOREST SERVICE and FOREST SUPERVISOR JAMES MELONAS, | ) ) ) ) ) | **NOTICE OF SUPPLEMENTAL AUTHORITY** |
| Defendants. | ) ) | |

# NOTICE OF SUPPLEMENTAL AUTHORITY

Pursuant to Local Civil Rule 7.1(j), Plaintiffs ("Conservation Groups") hereby submit the following notice of supplemental authority.

In their memoranda in support of their motion to dismiss, Defendants argue that Conservation Groups' claims are not ripe because Forest Service regulations require completion of "several steps" before the Forest Plan can cause harm to Conservation Groups. *See* Dkt. 15 (repeatedly citing 36 C.F.R. § 220); Dkt. 18 (same). According to Defendants, the "several steps" material to their argument include publication of the proposed action in the Forest Service's "Schedule of Proposed Actions," the "scoping" process, and "other public engagement." Dkt. 15 at 7–8 (citing 36 C.F.R. § 220). According to Defendants, these steps may be skipped only in emergencies. *Id.* at 8 n.1 (citing 36 C.F.R. § 220(b)).

As Defendants appropriately concede in their own notice (Dkt. 21), the regulatory requirements they relied on were rescinded. *See* 90 Fed. Reg. 29,632, 29,674 (interim final rule removing 36 C.F.R. Pt. 220 from the Code of Federal Regulations, effective immediately). Forest Service procedures are now governed by a new set of Department of Agriculture regulations codified at 7 C.F.R. Pt. 1b.

These new regulations, notably, do not require the public participation requirements that Defendants relied on. There is no longer any requirement to publish a Schedule of Proposed Actions. There is likewise no requirement to "scope"

1

projects for public input. *See* 7 C.F.R. § 1b.7(c) ("Scoping is not a statutorily required step in the NEPA review procedures and there is no prescribed process or procedure required for scoping."). Nor is there any requirement for notice of or public comment on proposed actions that will move forward under a categorical exclusion ("CE") or environmental assessment.[1] *See id.* §§ 1b.3, 1b.5.

Defendants are incorrect (Dkt. 21 at 1) that a final decision document is required for all forms of NEPA compliance. *See* 7 C.F.R. § 1b.4(c) (listing CEs that "do not require NEPA documentation"). Moreover, for projects authorized with CEs, there is now no requirement that a decision document be published or shared with the public. *Compare* 7 C.F.R. §§ 1b.6(d) & 1b.8(c) (requiring publication of a decision document for an environmental assessment or impact statement), *with* 1b.3 (no such requirement for CEs).

Respectfully submitted, this the 16th day of July, 2025.

/s/ Spencer Scheidt
Spencer Scheidt
N.C. Bar No. 57078
Southern Environmental Law Center
48 Patton Ave, Suite 304
Asheville, NC 28801-3321
Telephone: 828-258-2023
sscheidt@selc.org

*Counsel for Conservation Groups*

---

[1] This change would apply to all of the project-specific examples mentioned in Conservation Groups' Amended Complaint. *See* Dkt. 12 ¶¶ 11, 22, 281, 284.

# CERTIFICATION REGARDING THE USE OF ARTIFICIAL INTELLIGENCE

Pursuant to this Court's Standing Order entered June 18, 2024, and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies:

1. No artificial intelligence was employed in doing the research for the preparation of this response, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this response has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 16th day of July, 2025.

/s/ Spencer Scheidt
Spencer Scheidt

*Counsel for Conservation Groups*